FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 2 3 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ B DEPUTY

X FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 2 6 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

GARY M. RESTAINO
United States Attorney
District of Arizona
CAITLIN NOEL
Assistant U.S. Attorney
Arizona State Bar No. 033812
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Caitlin.Noel@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

                              Plaintiff,

        vs.

Sung Hwan Lee,

                              Defendant.

No.  CR-22-00212-PHX-DGC

**PLEA AGREEMENT**

Plaintiff, United States of America, and the defendant, Sung Hwan Lee, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of 26 United States Code (U.S.C.) § 7201, Tax Evasion, a Class D felony offense.

2. **MAXIMUM PENALTIES**

        a.    A violation of 26 U.S.C. § 7201 is punishable by a maximum fine of $100,000, a maximum term of imprisonment of five years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years.

        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:



(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b. <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. § 2T1.1, the United States and the defendant stipulate that: 1) the tax due and owing for tax years 2012, 2013, 2014, 2015, and 2016 shall be used for his tax loss for sentencing and criminal restitution; 2) his tax due and owing is $773,970 for tax year 2012; $768,345 for tax year 2013; $609,194 for tax year 2014; $934,660 for tax year 2015; and $610,617 for tax year 2016 (total tax loss of $3,696,786); and 3) the defendant shall execute a "Closing

- 2 -

1    Agreement on Final Determination Covering Specific Matters" with the Internal Revenue

2    Service, prior to sentencing, for tax years 2012-2016.

3        c.    Restitution.   Pursuant to 18 U.S.C. § 3663 and/or 3663A, and by voluntary

4    agreement, the defendant specifically agrees to pay $3,696,786 in restitution to the Internal

5    Revenue Service.  The defendant understands that such restitution will be included in the

6    Court's Order of Judgment and that an unanticipated restitution amount will not serve as

7    grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

8        (1)    The IRS will use the amount of restitution ordered as the basis for a

9    civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to

10   challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C).

11   Neither the existence of a restitution payment schedule nor the defendant's timely payment

12   of restitution according to that schedule will preclude the IRS from immediately collecting

13   the full amount of the restitution-based assessment.

14       (2)    The defendant is entitled to receive credit for restitution paid pursuant

15   to this plea agreement against those assessed civil tax liabilities due and owing for the same

16   periods for which restitution was ordered. The defendant understands and agrees that the

17   plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek

18   additional taxes, interest, and penalties from the defendant relating to the conduct covered

19   by this plea agreement (tax years 2012-2016), and that satisfaction of the restitution debt

20   does not settle, satisfy, or compromise the defendant's obligation to pay any remaining

21   civil tax liability.  The defendant authorizes the release of information to the IRS for

22   purposes of making the civil tax and restitution-based assessments for tax years 2012-2016.

23       (3)    The defendant understands that he is not entitled to credit with the IRS

24   for any payment until the payment is received by the IRS.

25       (4)    The defendant shall make full payment prior to sentencing.  However,

26   if full payment cannot be made prior to sentencing, the defendant agrees to make a

27   complete and accurate financial disclosure to the IRS on forms prescribed by the IRS

28   (including but not limited to IRS Form 433-A and Form 433-B, as appropriate), and to

- 3 -

1    disclose to the IRS any and all financial information and financial statements provided to

2    the probation office.  The defendant also agrees to provide the above-described information

3    to the probation office.

4            d.     <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete

5    disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

6    commission of the offense, and if the defendant demonstrates an acceptance of

7    responsibility for this offense up to and including the time of sentencing, the United States

8    will recommend a two-level reduction in the applicable Sentencing Guidelines offense

9    level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,

10    the United States will move the Court for an additional one-level reduction in the applicable

11    Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

12            e.     <u>Non-Binding Recommendations.</u>  The defendant understands that

13    recommendations are not binding on the Court.  The defendant further understands that the

14    defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

15    recommendation.

16            f.     <u>Assets and Financial Responsibility.</u>  The defendant shall make a full

17    accounting of all assets in which the defendant has any legal or equitable interest.  The

18    defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

19    transfer any such assets or property before sentencing, without the prior approval of the

20    United States (provided, however, that no prior approval will be required for routine, day-

21    to-day expenditures).  The defendant also expressly authorizes the United States Attorney's

22    Office to immediately obtain a credit report as to the defendant in order to evaluate the

23    defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant

24    also shall make full disclosure of all current and projected assets to the U.S. Probation

25    Office immediately and prior to the termination of the defendant's supervised release or

26    probation, such disclosures to be shared with the U.S. Attorney's Office, including the

27    Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the

28    Inmate Financial Responsibility Program to fulfill all financial obligations due and owing

- 4 -

1   under this agreement and the law.

2   **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

3         a.      This office shall not prosecute the defendant for any offenses committed by

4   the defendant, and known by the United States, in connection with his federal tax

5   obligations for the tax years 2012, 2013, 2014, and 2016.

6         b.      This agreement does not, in any manner, restrict the actions of the United

7   States in any other district or bind any other United States Attorney's Office.

8   **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

9         a.      If the Court, after reviewing this plea agreement, concludes that any

10  provision contained herein is inappropriate, it may reject the plea agreement and give the

11  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

12  11(c)(5).

13        b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

14  vacated, or reversed at any time, this agreement shall be null and void, the United States

15  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

16  any charges that have been dismissed because of this plea agreement shall automatically

17  be reinstated.  In such event, the defendant waives any and all objections, motions, and

18  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

19  restrictions in bringing later charges or proceedings.  The defendant understands that any

20  statements made at the time of the defendant's change of plea or sentencing may be used

21  against the defendant in any subsequent hearing, trial, or proceeding subject to the

22  limitations of Fed. R. Evid. 410.

23  **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

24        The defendant waives (1) any and all motions, defenses, probable cause

25  determinations, and objections that the defendant could assert to the indictment or

26  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

27  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

28  judgment against the defendant, or any aspect of the defendant's sentence, including the

manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.**     **DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.**     **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of

returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    ELEMENTS**

**Tax Evasion (26 U.S.C. § 7201)**

On or about March 21, 2016, in the District of Arizona:

1.    The defendant owed more federal income tax for the calendar year 2015 than was declared due on the defendant's income tax return for that calendar year;

2.    The defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

3.    The defendant made an affirmative attempt to evade or defeat such additional tax; and

4.    In attempting to evade or defeat such additional tax, the defendant acted willfully.

**10.    FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> Since 1998, I, Sung Hwan Lee, have owned and operated a chain of clothing stores in and around Phoenix and Tucson, Arizona, doing business as BBB Fashion. I own these stores through two S corporations, BBB Fashion 1, Inc., and ELS, Inc. I am the sole owner of both BBB Fashion 1 and ELS.
>
> Beginning no later than 2012 and continuing through 2016, I implemented a scheme to evade taxes by willfully underreporting income from BBB Fashion 1 and ELS. Specifically, I directed my employees to give me any cash received from customers and to keep a second set of books and records to track true versus reported income and expenses. At my direction, the books and records provided to my accountant for purposes of preparing tax returns omitted cash receipts.

As a result of this scheme, cash receipts were not reflected in the Forms 1120-S, U.S. Income Tax Return for an S Corporation, for BBB Fashion 1 and ELS. For tax years 2012 through 2016, I intentionally omitted cash receipts (and some cash expenses) from BBB Fashion 1's and ELS's income, underreporting the businesses' total income by $9,355,894. Because BBB Fashion 1's and ELS's income was passed through to my personal Forms 1040, U.S. Individual Income Tax Return, through Schedules K-1, Shareholder's Share of Income, my own tax returns for 2012-2016 underreported my income by a total of $9,355,894. This underreporting resulted in a total tax due and owing of $3,696,786 for 2012-2016.

On March 21, 2016, I signed and caused to be filed my 2015 Form 1040 tax return, reporting taxable income of $586,107. In fact, my true taxable income was $2,885,356. This underreporting resulted in a tax loss of $934,660 for 2015. I knew that, as a result of my scheme to conceal cash receipts for BBB Fashion 1 and ELS, I was underreporting my income and paying less in taxes than I really owed. I acted willfully in evading the payment of my taxes.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney.  I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range

- 8 -

1  of the possible sentence and that my ultimate sentence shall be determined by the Court

2  after consideration of the advisory Sentencing Guidelines.

3       My guilty plea is not the result of force, threats, assurances, or promises, other than

4  the promises contained in this agreement. I voluntarily agree to the provisions of this

5  agreement and I agree to be bound according to its provisions.

6       I understand that if I am granted probation or placed on supervised release by the

7  Court, the terms and conditions of such probation/supervised release are subject to

8  modification at any time. I further understand that if I violate any of the conditions of my

9  probation/supervised release, my probation/supervised release may be revoked and upon

10  such revocation, notwithstanding any other provision of this agreement, I may be required

11  to serve a term of imprisonment or my sentence otherwise may be altered.

12       This written plea agreement, and any written addenda filed as attachments to this

13  plea agreement, contain all the terms and conditions of the plea. Any additional

14  agreements, if any such agreements exist, shall be recorded in a separate document and

15  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

16  be in the public record.

17       I further agree that promises, including any predictions as to the Sentencing

18  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

19  (including my attorney) that are not contained within this written plea agreement, are null

20  and void and have no force and effect.

21       I am satisfied that my defense attorney has represented me in a competent manner.

22       I fully understand the terms and conditions of this plea agreement. I am not now

23  using or under the influence of any drug, medication, liquor, or other intoxicant or

24  depressant that would impair my ability to fully understand the terms and conditions of this

25  plea agreement.

26

27  Date                                   SUNG HWAN LEE
                                           Defendant

28

- 9 -

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2-23-2022
Date

JASON SILVER
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

3|23|22
Date

CAITLIN NOEL
Assistant U.S. Attorney

- 10 -

1

## ACCEPTANCE BY THE COURT

2

3  _10/26/22_
   Date

4                                    _D Campbell_
5                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28